WHITEBOX CONCENTRATED CONVERTIBLE ARBITRAGE PARTNERS, L.P., et al., Respondents, v SUPERIOR WELL SERVICES, INC., Appellant. [926 NYS2d 292]—

Defendant established by documentary evidence that the acquisition of more than 50% of its stock and the subsequent merger with Diamond Acquisition Corporation did not constitute a "Fundamental Change" as defined in the certificate of designations, which would have required defendant to provide a fundamental change notice to its preferred shareholders within

432

10 days of a fundamental change. The tender offer for common shares and defendant's subsequent merger into Diamond, with defendant being the surviving entity, were two consecutive steps in a single, integrated transaction (*see Noddings Inv. Group, Inc. v Capstar Communications, Inc.*, 1999 WL 182568, 1999 Del Ch LEXIS 56 [Del Ch 1999], *affd* 741 A2d 16 [Del 1999]).

The plain language of the certificate of designations for the convertible preferred stock unambiguously demonstrated that defendant, a Delaware corporation, did not effect a fundamental change (*see Bailey v Fish & Neave*, 8 NY3d 523, 528 [2007]). The fact that plaintiffs attached a particular, subjective meaning to the term "transaction" that differed from the term's plain meaning did not render the term ambiguous (*see Slattery Skanska Inc. v American Home Assur. Co.*, 67 AD3d 1, 15 [2009]; *Innophos, Inc. v Rhodia, S.A.*, 38 AD3d 368, 369 [2007], *affd* 10 NY3d 25 [2008]). Concur—Andrias, J.P., Sweeny, Renwick, Freedman and Manzanet-Daniels, JJ.